IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KASANA COCKRELL, on behalf of herself and others similarly situated, *et al.*, | : | CASE NO.: 21cv-346 |
| *Plaintiffs*, | : | JUDGE MORRISON |
| v. | : | MAGISTRATE JOLSON |
| SPRING HOME HEALTH CARE LLC, | : | |
| *Defendant*. | | |

## OPINION & ORDER

Named Plaintiff Kasana Cockrell brought this suit as a collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § § 201, *et seq.*, as amended ("FLSA"), and as a Rule 23 class action under Ohio's wage and hour laws. (ECF No. 1.) The matter is before the Court for consideration of Plaintiff's Pre-Discovery Motion for Conditional Certification and Court-Authorized Notice. (ECF No. 4.) Defendant Spring Home Health Care, LLC has opposed the Motion (ECF No. 7), and Plaintiff has filed her reply (ECF No. 8.) The Court **GRANTS** Ms. Cockrell's Motion.

I.  BACKGROUND

The following facts are drawn from Named Plaintiff's Complaint (ECF No. 1) and the declaration filed in support of her Motion (ECF No. 4-1).

Defendant is a provider of in-home healthcare services, employing home health aides as well as nurses, physical therapists, occupational therapists, and

speech pathologists (collectively referred to as "in-home health care employees"). (ECF No. 1, ¶¶ 9, 10.) Defendant employed Ms. Cockrell from approximately August 2019 through February 2021 as a home health aide. (ECF No. 1, ¶¶ 5, 7; ECF No. 4-1, ¶ 12; ECF No. 7, PageID 68; ECF No. 71, PageID 76.) Ms. Cockrell only had one client for Defendant. (ECF No. 4-1, ¶ 9, Cockrell Decl.)

Ms. Cockrell alleges that Defendant paid her an artificially low regular rate to avoid paying the full time-and-one-half required for all hours worked over 40 under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and corresponding Ohio law. (ECF No. 1, ¶¶ 49, 54, 62-63.) According to the paystub provided by Ms. Cockrell, she was paid a standard hourly rate of $8.70 and an overtime rate of $13.05. (ECF No. 4-1.) Ms. Cockrell alleges that her actual standard hourly rate was $12.00, and that Defendant "supplemented" the wages paid at $8.70 an hour "with a 'mileage' payment that would bring the total pay up to [$12.00 an hour]." (ECF No. 1, ¶¶ 23, 24.) Ms. Cockrell's submitted paystub reflects a payment of $264.00 for "Documenting, Mileage," even though she did not have any "documenting" or "mileage" charges. (ECF No. 1, ¶ 24; ECF No. 4-1, PageID 59.)

Additionally, Ms. Cockrell alleges that on some occasions she was not paid for her overtime at all. (ECF No. 1, ¶ 26.)

Ms. Cockrell is aware that Defendant's policy and practices applied to other in-home health care employees. (ECF No. 4-1, ¶ 14.) She also states that these are companywide pay policies and practices applying to all home health employees. (*Id.*) Defendant's home health employees regularly worked 40 or more hours per

workweek but were undercompensated and not paid for all hours worked. (*Id.*, ¶¶ 5, 15).

Ms. Cockrell filed her Complaint, setting forth five causes of action, (ECF No. 1), before moving for conditional certification and court-authorized notice. (ECF No. 4).

## II. STANDARD OF REVIEW

The FLSA requires employers to pay their employees "a wage consistent with the minimum wage . . . and instructs employers to pay employees overtime compensation, which must be no less than one-and-one-half times the regular rate of pay, if the employee works more than forty hours in a week." *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015) (internal citations and quotations omitted). "'Congress passed the FLSA with broad remedial intent' to address 'unfair method[s] of competition in commerce' that cause 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Monroe v. FTS USA, LLC*, 860 F.3d 389, 396 (6th Cir. 2017) (quoting *Keller*, 781 F.3d at 806). To further that goal, § 216(b) provides:

> Any employer who violates the provisions of [29 U.S.C. §§ 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

3

"The lead plaintiff bears the burden of showing that the proposed class members are similarly situated to the lead plaintiff." *Casarez v. Producers Serv. Corp.*, No. 2:17-cv-1086, 2018 U.S. Dist. LEXIS 88370, at *4 (S.D. Ohio May 25, 2018) (Sargus, J.).

The Court uses a two-step analysis to determine whether plaintiff has met her burden to establish that she is similarly situated to the putative collective action members. *Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016) (Marbley, J.). The first step, conditional certification, is conducted at the beginning of the discovery process. In keeping with the FLSA's remedial purpose, "the standard at the first step is 'fairly lenient . . . and typically results in conditional certification of a representative class.'" *Id.* (quoting *Comer v. Walmart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006)). As a result, "the plaintiffs need only make a 'modest factual showing' that they are similarly situated to proposed class members." *Id.* (quoting *Comer*, 454 F.3d at 547).

Neither the FLSA nor the Sixth Circuit define "similarly situated." *Id.* (citing *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), abrogated on other grounds by *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016)). But this Court has held that plaintiffs are similarly situated "'when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs.'" *Id.* (quoting *O'Brien*, 575 F.3d at 585). *See also Slaughter v. RMLS Hop Ohio, L.L.C.*, No. 2:19-cv-3812, 2020 U.S. Dist. LEXIS 69772, at *6 (S.D. Ohio Apr. 21, 2020) (Sargus, J.). Courts generally consider "'whether potential plaintiffs were identified; whether

4

affidavits of potential plaintiffs were submitted; and whether evidence of a widespread . . . plan was submitted.'" *Smyers v. Ohio Mulch Supply, Inc.*, No. 2:17-cv-1110, 2019 U.S. Dist. LEXIS 1815, at *5 (S.D. Ohio Jan. 4, 2019) (Marbley, J.) (quoting *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 486 (S.D. Ohio Sept. 4, 2014)). However, the named plaintiff need not show a "unified policy" of violations, *O'Brien*, 575 F.3d at 584, or that his position is identical to those of other putative class members, *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867-68 (S.D. Ohio 2011) (Marbley, J.) (citing *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). Further, courts "do[] not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility" when considering conditional certification. *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015) (citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011)). If conditional certification is granted, "plaintiffs are permitted to solicit opt-in notices, under court supervision, from current and former employees." *Cornell v. World Wide Business Servs. Corp.*, No. 2:14-cv-27, 2015 U.S. Dist. LEXIS 148191, at *4 (S.D. Ohio Nov. 2, 2015) (Deavers, M.J.).

The second step, final certification, is conducted after discovery concludes. At that point, the Court "examine[s] more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer*, 454 F.3d at 547. The court "has much more information at this point upon which to base its decision of whether the proposed plaintiffs are similarly situated. . . ." *Smyers,* 2019 U.S. Dist.

5

LEXIS 1815, at *3-5. Consequently, a much "stricter standard" is employed for final certification. *Comer*, 454 F.3d at 547.

## III. ANALYSIS

Plaintiff seeks conditional certification of the following class:

> All current and former hourly home health employees [home health aides, nurses, physical therapists, occupational therapists, and speech pathologists] of Defendant who worked more than 40 hours in any workweek during the three years preceding the filing of this Motion [March 31, 2021].

(ECF No. 4, PageID 38.) Plaintiff has met her modest burden under the fairly lenient standard at the conditional certification stage. Ms. Cockrell identified a class of employees that provide in-home healthcare, and states under penalty of perjury that these employees were subject to a companywide policy that artificially deflated overtime compensation. (ECF No. 4-1, ¶¶ 14-15). These employees were regularly undercompensated and were not paid for all hours worked. (*Id.*).

Defendant raises several arguments in opposition to that preliminary determination. First, it argues that Ms. Cockrell has not provided evidence that it has more than 50 employees. Next, it disputes that Ms. Cockrell has provided insufficient information that the proposed class members are similarly situated to her. And third, it claims that an investigation and audit by the Department of Labor in 2020 precludes certification of the class. The Court will address each of these arguments in turn.

With regard to Defendant's first argument, the Court assumes that its reference to 50 employees is a reference to other federal employment statutes such

as the Family Medical Leave Act that limit coverage to employers that employ 50 or more individuals. *See*, 29 U.S.C. § 2611. There is no such limitation in the FLSA.

Defendant's second argument that Ms. Cockrell has provided insufficient information that the proposed class members are similarly situated to her has two elements: (1) that Plaintiff "believes, but does not know" how other employees were treated and (2) that Defendant's managing member denies the allegations in Ms. Cockrell's declaration. (ECF No. 7, PageID 68.) However, as to the former argument, Defendant mischaracterizes Ms. Cockrell's declaration in which she states that she is "aware" of the application of Defendant's pay policies and practices and how they apply to other employees; "awareness" is knowledge, not belief.[1] (ECF No. 4-1, ¶ 14.) And, as to Defendant's latter argument, "the Court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations at this stage of the proceedings." *Cowan v. Nationwide Mut. Ins. Co.*, No. 2:19-cv-1225, 2019 U.S. Dist. LEXIS 164312, *18 (S.D. Ohio 2019) (Morrison, J.) (quotations omitted); *see also Hamm v. Southern Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 876 (S.D. Ohio 2017) (Black, J.) (explaining that "the Court is not permitted to weigh the parties' competing evidence at this juncture"). Thus, the Court will not resolve the factual dispute that Defendant attempts to create by submitting a competing declaration. At this stage of the case, Ms. Cockrell's

---

[1] Merriam-Webster.com defines "aware," in relevant part, as "having or showing realization, perception, or knowledge." *Aware*, MERRIAM-WEBSTER.COM DICTIONARY, https://www.merriam-webster.com/dictionary/aware (last visited May 10, 2021).

7

declaration stating that she has personal knowledge that Defendant's policies and practices applied to herself and to all home health employees is sufficient to establish that she is similarly situated to the other putative class members.

Finally, Defendant argues that it was subject to a DOL investigation and audit in 2020, precluding certification of the class. This argument again ignores that we are in the *conditional* certification stage. Courts applying the lower "modest" standard for certification generally decline to consider signed DOL waiver forms, and those that do consider them typically grant conditional certification if there are enforceability questions. *Morris v. Nationwide Children's Hospital*, No. 2:20-cv-3194, 2021 WL 320740, at *4 (S.D. Ohio Feb. 1, 2021) (Morrison, J.) (citing *Fitzwater v. Cole*, No. 18-00137-N, 2018 U.S. Dist. LEXIS 201253, at *9 (S.D. Ala. Nov. 28, 2018) ("whether a potential opt-in plaintiff has waived his or her right to seek redress under the FLSA in federal court by accepting a DOL settlement, and whether the settlement and waiver came about through adequate DOL supervision, are issues more appropriately addressed in a motion to dismiss and/or for summary judgment"); *Bustamante v. D.O. Prods., LLC*, Civil Action No. 16-4618, 2017 U.S. Dist. LEXIS 140744, at *12 (D. N.J. Aug. 30, 2017) (the appropriate time to consider WH-58 waiver arguments was at the "class certification or summary judgment stage."); *Kuperman v. ICF Int'l*, No. 08-565, 2008 U.S. Dist. LEXIS 88605, at *27 (E.D. La. Oct. 31, 2008) (declining to consider Form WH-58 at the conditional certification stage). Moreover, the FLSA violations that Ms. Cockrell complains of continued after the alleged DOL audit in March 2020. (ECF No. 8, PageID 84-85.).

Defendant's final argument does not prevent Ms. Cockrell from meeting the "modest" factual standard required for conditional certification of her proposed class. *See Morris,* 2021 WL 320740, at *6-7.

In sum, the Court determines that Ms. Cockrell has sustained her modest burden of establishing that she is similarly situated to proposed class members. The following class is hereby conditionally certified as a FLSA collective under § 216(b):

> All current and former hourly home health employees [home health aides, nurses, physical therapists, occupational therapists, and speech pathologists] of Defendant who worked more than 40 hours in one or more workweeks from March 31, 2018 to the present.

### IV. NOTICE

#### A. Form of the Notice

Conditional certification under the FLSA "does not produce a class with an independent legal status, or join additional parties to the action." *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013). Rather, it "simply allows the sending of court-approved written notice to employees who must then affirmatively opt in to the litigation." *Taylor v. Pilot Corp.*, 697 F.App'x 854, 860 (6th Cir. 2017) (citation omitted). As such, "[o]nce a court determines that plaintiffs have met their burden for initial class certification, the court may grant court-authorized notice informing potential plaintiffs of their opportunity to opt into the lawsuit." *Kucker v. Petco Animal Supplies Stores, Inc.*, No. 14-cv-9983 (DF), 2016 U.S. Dist. LEXIS 6416, at *26-27 (S.D. N.Y. Jan. 19, 2016)(citation omitted). "[C]ourt-supervised notice is the preferred method for managing the notification process for several reasons: it avoids 'multiplicity of duplicative suits;' it

9

allows the court to set deadlines to advance the disposition of an action; it furthers the 'wisdom and necessity for early judicial intervention' in multi-party actions; and it protects plaintiffs' claims from expiring under the statute of limitations." *Lynch v. United Servs. Auto. Assn.*, 491 F.Supp.2d 357, 367 (S.D. N.Y. 2007) (quoting *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 171-72 (1989)).

Once conditional certification has been granted, sending notice as soon as possible is important in a FLSA collective action because the statute of limitations continues to run until individuals affirmatively opt-in to the action. *Struck v. PNC Bank N.A.*, 931 F. Supp. 2d 842, 845 (S.D. Ohio 2013)(Marbley, J.). Court-authorized notice of a collective action under the FLSA must be "timely, accurate, and informative." *Id.* at 172.

Ms. Cockrell seeks approval of her proposed Notice and Consent to Join Form, which is attached as an exhibit to her Motion. (ECF No. 4-2.) The Notice contains basic information about the lawsuit, who may opt-in to the lawsuit, and the timing and manner in which to do so. *Id.* The Consent Form states the signatory consents to be a party plaintiff in the collective action and agrees to be represented by the law firm of Coffman Legal, LLC. *Id.* The Consent Form also specifies that the signatory understands that he or she will be bound by any settlement reached or judgment entered in the matter. *Id.*

Defendant objects to the proposed notice on two grounds. First, Defendant argues that the proposed notice is deficient because it does not warn potential opt-in plaintiffs that they may be responsible for Defendant's costs in the suit. (ECF No. 7,

10

PageID 72.) This argument is not well founded because, as this Court has previously found, "while it is not impossible for a prevailing defendant to win an award of attorney's fees, . . . the likelihood that potential opt-in plaintiffs will eventually find themselves liable to pay Defendant's attorney's fees is slight, and notifying potential opt-ins of that remote possibility may unfairly chill potential opt-in participation than otherwise." *Headspeth v. TPUSA*, No. 2:19cv-2062, 2020 WL 4577491, *2 (S.D. Ohio July 23, 2020) (Morrison, J.) (quotation omitted).

Second, Defendant argues that the proposed notice is improper because Ms. Cockrell can be similarly situated only to those employees who worked for Defendant during the same time period that she did. (ECF No. 7, PageID 73.) Defendant provides no case law in support of this argument and, in fact, the case law supports the opposite: a plaintiff "need only show that h[er] position is similar, not identical, to the positions held by the putative class members." *Lewis*, 789 F. Supp. 2d at 867-68 (alteration omitted); *see also Comer v. Walmart Stores, Inc.*, 454 F.3d 544, 546-547 (6th Cir. 2006). This argument is also without merit.

After due review, the Court determines that the Notice is accurate and informative and therefore approves the same as well as the Consent to Join Form.

### B. Methods of Delivery

Ms. Cockrell seeks to the Notice and Consent Form to putative collective members via U.S. mail and e-mail. (ECF No. 4, PageID 36.) Defendant does not object to those forms of delivery. (ECF No. 7.) The Court therefore directs Ms.

11

Cockrell to utilize both U.S. mail and e-mail to distribute the Notice and Consent to Join Form.

### C. Roster of Putative Class Members

Ms. Cockrell requests an order requiring Defendant to produce an electronic and importable roster of current and former employees fitting the proposed class definition within fourteen (14) days of this Order to include names, dates of employment, positions of employment, last known mailing addresses, and last known e-mail addresses. Defendant neither objects to this request nor indicates that it is unable to provide the requested information within fourteen (14) days.

Accordingly, the Court orders Defendant to produce the names, dates of employment, positions of employment, last known mailing addresses, and last known e-mail addresses of the putative class members to Plaintiff's counsel in an electronic and importable format within fourteen days of this Order.

## V. CONCLUSION

Plaintiff's Motion for Conditional Certification and Court-Authorized Notice (ECF No. 4) is **GRANTED**. The Court hereby conditionally certifies the following class:

> All current and former hourly home health employees [home health aides, nurses, physical therapists, occupational therapists, and speech pathologists] of Defendant who worked more than 40 hours in one or more workweeks from March 31, 2018 to the present.

Defendants are **ORDERED** to provide Ms. Cockrell, within fourteen (14) days of this Opinion & Order, a roster of all potential opt-in plaintiffs that includes

their names, dates of employment, positions of employment, last known mailing addresses, and last known e-mail addresses.

The Notice and Consent to Join Form shall be sent to the potential opt-in plaintiffs within seven (7) days of receipt of the roster using their home and e-mail addresses.

**IT IS SO ORDERED**.

/s/Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**